**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

KEITH GRIFFIN,

                Plaintiff,

    v.

CITY OF CHICAGO, a Municipal
Corporation, and  Chicago police officers
DEMETRIUS PROTHRO, ARIEL
WILLIAMS, and LAUREN HOLT,

                Defendants.

No. 22-cv-4181

*Jury Trial Demanded.*

## COMPLAINT AT LAW

Plaintiff KEITH GRIFFIN, by his attorney, Law Office of Jordan Marsh LLC, complaining of the Defendants, CITY OF CHICAGO, a Municipal Corporation, and Chicago police officers DEMETRIUS PROTHRO, ARIEL WILLIAMS, and LAUREN HOLT,  states the following:

### JURISDICTION AND VENUE

1. This action arises under the Constitution of the United States, particularly the Fourth and Fourteenth Amendments to the Constitution of the United States, under the laws of the United States, particularly the Civil Rights Act, Title 42 of the United States Code, §§ 1983 and 1988, and under the laws of the State of Illinois.

2. The jurisdiction of this Court is invoked under the provisions of Title 28 of the United States Code, §§ 1331 and 1343.  Plaintiff also invokes the supplemental jurisdiction of this Court pursuant to Title 28 of the United States Code, Section 1367.

3. This Court has jurisdiction over this action pursuant to Title 28 of the United States Code §§ 1331 and 1367, as Plaintiff asserts claims under federal law and the state law claims arise out of

the same facts as the federal claims. Venue is proper in the United States District Court for the Northern District of Illinois under Title 28 of the United States Code, § 1391(b)(2), as the events complained of occurred within this district.

## PARTIES

4. Plaintiff Keith Griffin (hereinafter "Keith") is, and at all times relevant, was a resident of Chicago, Cook County, Illinois, and a sworn correctional officer employed by the Illinois Department of Corrections.

5. Defendant City of Chicago is a government entity operating within the State of Illinois. City of Chicago is responsible for the actions of its employees while acting within the scope of their employment. At all times relevant to this action, the City of Chicago was the employer of Defendants Prothro, Williams, and Holt.

6. Defendants Prothro, Williams, and Holt are sued in their individual capacities and were at all times relevant, sworn police officers employed by Defendant City of Chicago, and were acting within the scope of their agency, service and/or employment with the City of Chicago, and were acting under color of the statutes, ordinances, regulations, customs, and usages of the State of Illinois.

## FACTUAL ALLEGATIONS

7. On June 4, 2022, at approximately 1:10 p.m., Keith, who was employed as a correctional officer with the Illinois Department of Corrections, was driving to work at Stateville Correctional Center, driving southbound on Wentworth around 91st Street, in the city of Chicago, when he observed a blue unmarked squad car following him.

8. The squad car, driven by Defendant Williams, followed Keith to 96th Street and Wentworth Avenue, where it activated its mars lights.

9. Keith immediately pulled over.

10. Defendants Williams, Prothro, and Holt, exited their vehicle and approached Keith's car.

11. Defendant Williams approached Keith from the driver's side, and Prothro and Holt approached from the passenger side.

12. As Defendant Williams approached Keith's car, she ordered him to "raise all your windows down for me".

13. Keith put his windows down.

14. Defendant Williams notified Keith that she pulled him over because he was not wearing a seatbelt. Keith acknowledged he was not wearing a seatbelt.

15. Defendant Williams requested Keith's driver's license and proof of insurance.

16. While Keith went to retrieve his insurance card, Defendant Williams asked him if he had a Firearm Owners Identification ("FOID") Card and a Concealed Carry license ("CCL").

17. Keith replied that he did have a FOID card.

18. Defendant Williams asked Keith where his weapon was. Keith replied he did not have it with him.

19. Defendant Williams asked Keith if there was any cannabis in the vehicle. Keith responded that there was no cannabis in the vehicle.

20. Defendant Williams asked Keith where he was going. He told her he was going to work.

21. Defendant Williams asked Keith where he worked. Keith informed her he worked at Stateville as a correctional officer.

22. Defendant Williams asked Keith if he had an ID for his employment. He replied he did. "Can I have that too?", Defendant Williams asked.

23. Keith gave her his IDOC identification, his driver's license and his FOID card.

24. Defendant Williams ordered Keith to step out of the car.

25. When Keith asked why he had to get out of the car, Williams responded, "For one, you're nervous, you're shaking…" "Because I'm on my way to work", said Keith.

26. Keith gave Defendant Williams his insurance card.

27. Defendant Williams asked Keith again if there was anything illegal in the car. Keith repeated that there was nothing illegal in the car.

28. Defendant Williams opened Keith's driver's side door, and he got out of his car.

29. Defendant Holt ordered Keith to face the car. Keith complied.

30. The officers handcuffed Keith.

31. Defendant Prothro informed Keith, "You shakin', bro, like, my camera pickin' up everything, bro. You shakin', you shakin'".

32. As Prothro cuffed Keith, he began lecturing Keith. "You say you work for corrections, right?" he asked. "You understand all this, right? You deal with people all the time and how their body mannerisms, and all that. So we do this all the time also. You *extremely* nervous. You work at Illinois corrections? You should understand…we don't know you from a can of paint. You're *shakin,* like *crazy*. You have a medical condition?"

33. Keith denied that he was shaking, and asked, "Who wouldn't be nervous if they're getting pulled over…it's common sense to be nervous."

34. "You suspended or something"? asked Prothro. "You gotta understand – I do this on the regular. Every day. We get weapons, drugs, every day, man. And I'm not sayin' you have anything in this vehicle, but the characteristics you exhibiting right now – it's either something wrong with your license, you got a medical condition, or it's some kind of contraband in this vehicle...You need to get checked out, bro. Cus my bodycam picked up shakin' the whole time. You fidgeting through paper. It's a clue to – something's goin on. In the vehicle. You're takin' deep breaths, you lack of eye contact...Bro, bro I *do* this. So I'm gonna ask you again, is there anything in this vehicle that we should be aware about. "Cus if we find something, you're taking all discretion out of our hands, bro. Is there anything in the vehicle?"

35. Prothro and Holt proceeded to search the interior of Keith's vehicle. They searched the front and back seats, under the seats, inside the center console, under the floor mats, in the trunk, inside the spare tire compartment, while Keith watched – calm, impassive, silent, and handcuffed.

36. The officers did not request Keith's consent to search his vehicle, and he did not give his consent.

37. After searching Keith's car and finding nothing illegal, Prothro informed Keith: "You gotta calm down, bro."

38. Prothro told Keith, "At the end of the day, just look at your ISR receipt. It's going to document how you were acting on camera. It's gonna show how I explained everything thoroughly. Your behavior, medical problem, suspension, it's numerous things. I never accused you of having anything in this vehicle...So even if you're in the process of trying to be a CPD officer, it's gonna show that you were stopped at this moment, and the way that you conducted yourself."

39. Holt asked Keith if he wanted a receipt for the traffic stop. "We're gonna document everything, in the stop, how you were acting, and everything."

40. The officers' forcible detention of Keith constituted an investigatory stop under Chicago Police Department policy.

41. Chicago Police Department Special Order S04-13-09 requires sworn officers who conduct an investigatory stop to complete an Investigatory Stop Report ("ISR").

42. An ISR is designed to ensure CPD officers document the facts and circumstances of investigatory stops, "including a statement of facts establishing Reasonable Articulable Suspicion to stop an individual".

43. Supervisors will review officers' ISRs to determine if the stop was appropriate and within the law.

44. Despite conducting an investigatory stop of Keith, despite Defendant Holt's statement that "We're gonna document everything, in the stop, how you were acting, and everything", no Investigatory Stop Report was ever completed regarding this stop, in violation of CPD policy.

45. Defendant officers never documented in any report the reason for the stop or for their detention of Keith.

46. Defendant Prothro completed a Traffic Stop Summary, which is not an ISR, and does not include any facts used to justify an investigatory stop.

47. In the Traffic Stop Summary, Defendant Prothro falsely indicated there was no search of the vehicle or the driver.

48. Keith was not arrested ticketed, or even given a warning, for failure to wear a seatbelt, or any other offense.

49. At no time did the defendant officers have probable cause or reasonable suspicion to believe Keith had engaged in, was engaging in, or was going to engage in criminal activity.

50. Throughout the stop, Keith was calm and measured. He was not visibly shaking. He had no medical condition, his license was not suspended, and there was nothing illegal in his vehicle.

### COUNT I – FEDERAL CLAIM
### UNLAWFUL DETENTION
### DEFENDANTS PROTHRO, WILLIAMS, AND HOLT

51. Each paragraph of this Complaint is incorporated as if restated fully herein.

52. Defendants Prothro, Williams, and Holt detained Keith without probable cause or reasonable suspicion to believe he had committed, was committing, or was going to commit a crime, resulting in deprivation of his liberty, in violation of the Fourth Amendment to the United States Constitution.

53. As a proximate result of Defendants' misconduct, Keith suffered loss of liberty, fear, mental anguish, and emotional pain and suffering.

For the foregoing reasons, the Plaintiff, Keith Griffin, prays for judgment against Defendants Prothro, Williams, and Holt, in a fair and reasonable amount, including compensatory and punitive damages, attorney's fees and costs, and for any additional relief this Court deems just and proper.

## COUNT II – FEDERAL CLAIM
## ILLEGAL SEARCH
## DEFENDANTS PROTHRO, WILLIAMS, AND HOLT

54. Each paragraph of this Complaint is incorporated as if restated fully herein.

55. Defendants Prothro, Williams, and Holt searched Keith's vehicle without legal process, probable cause or reasonable suspicion to believe Keith's vehicle contained evidence of a crime, in violation of the Fourth Amendment to the United States Constitution.

56. As a proximate result of Defendants' misconduct, Keith suffered humiliation, mental anguish, and emotional pain and suffering.

For the foregoing reasons, the Plaintiff, Keith Griffin, prays for judgment against Defendants Prothro, Williams, and Holt in a fair and reasonable amount, including compensatory and punitive damages, attorney's fees and costs, and for any additional relief this Court deems just and proper.

## COUNT III – STATE CLAIM
## WRONGFUL IMPRISONMENT
## CITY OF CHICAGO

57. Each paragraph of this Complaint is incorporated as if restated fully herein.

58. Defendant City of Chicago, by and through its agents, Defendants Prothro, Williams, and Holt, caused Keith to be restrained, detained, seized, and/or imprisoned without having reasonable grounds to believe he had committed any crime or offense.

59. As a proximate result of Defendants' misconduct, Keith suffered loss of liberty, fear, mental anguish, and emotional pain and suffering.

For the foregoing reasons, the Plaintiff, Keith Griffin, prays for judgment against the City of Chicago in a fair and reasonable amount, including compensatory and punitive damages, attorney's fees and costs, and for any additional relief this Court deems just and proper.

## COUNT IV – STATE LAW CLAIM
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### CITY OF CHICAGO, PROTHRO

60. Each paragraph of this Complaint is incorporated as if restated fully herein.

61. The conduct of Defendant Prothro, and Defendant City of Chicago, by and through its agent, Defendant Prothro, as set forth herein, was extreme and outrageous.

62. Defendants intended to cause or recklessly or consciously disregarded the probability of causing severe emotional distress, and Keith suffered severe emotional distress as a proximate result of Defendants' actions.

63. As a proximate result of Defendants' misconduct, Keith suffered severe anxiety, mental anguish, and emotional pain and suffering.

For the foregoing reasons, the Plaintiff, Keith Griffin, prays for judgment against Defendants in a fair and reasonable amount, including compensatory and punitive damages, attorney's fees and costs, and for any additional relief this Court deems just and proper.

## COUNT V – STATE LAW CLAIM
## INDEMNIFICATION
### CITY OF CHICAGO

64. Each paragraph of this Complaint is incorporated as if restated fully herein.

65. At all relevant times, City of Chicago was the employer of Defendants Prothro, Williams, and Holt.

66. Defendants Prothro, Williams, and Holt committed the acts alleged above under color of law and in the scope of their employment as an employee of the City of Chicago.

67. Illinois law provides that government entities are directed to pay any tort judgment for any damages for which employees are liable within the scope of their employment activities.

68. Should Defendants Prothro, Williams, and Holt be found liable on one or more of the claims set forth above, Plaintiff Keith Griffin demands, pursuant to Illinois law, that their employer, Defendant City of Chicago, be found liable for any judgment plaintiff obtains against Defendants Prothro, Williams, and Holt,  as well as attorney's fees and costs awarded, and for any additional relief this Court deems just and proper.

### JURY DEMAND

The Plaintiff requests a trial by jury.

**DATED:**  August 9, 2022

Respectfully submitted,
Keith Griffin

**By:**   /s/ Jordan Marsh

*Attorney for Plaintiff Keith Griffin*

**LAW OFFICE OF JORDAN MARSH**
5 Revere Drive Suite 200
Northbrook IL 60062
(312) 401-5510
jordan@jmarshlaw.com